# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 06-cv-02321-ZLW-MEH**

DS WATERS OF AMERICA, INC.,

    Plaintiff,

v.

WESTERN SLOPE BAR SUPPLIES, INC.,

    Defendant.

## CONSENT ORDER REGARDING RETURN OF PLAINTIFF'S PROPERTY

The Court, having reviewed the Joint Motion of the parties, and being otherwise fully advised in the premises, hereby orders:

    a.    Defendant shall not sell, produce, distribute, or otherwise provide to its customers, or anyone else, any water products, and/or any other related products bearing the names "Sierra Springs," "Hinkley Springs," or "Hinkley & Schmidt" (collectively, "Plaintiff's Products");

    b.    Any and all documentation and/or computer records related to the production, distribution, and sales of Plaintiff's Products shall not be removed and/or destroyed from their present location;

    c.    Defendant shall allow a representative of Plaintiff to enter onto the premises and photograph these bottles;

    d.    Defendant shall return to Plaintiff all supplies, products, bottles, and/or any other item bearing the Plaintiff's Products names currently in the possession of the Defendant, at the Plaintiff's primary place of business in Denver, Colorado. Initially, Plaintiff will pay the costs of returning such items to Plaintiff's primary

1

place of business, but Plaintiff reserves the right to request payment from Defendant upon acquiring further information regarding the obligation for payment of such costs;

e. Defendant shall continuing calling its customers to determine if any bottles bearing the Plaintiff's Products names are in the possession of one of Defendant's customers. Within the next ten business days, the Defendant shall call all customers to determine if any of Plaintiff's Products are still in that customer's possession. The Defendant will allow an attorney for the Plaintiff to be present when these calls are made, with the requirement that the attorney shall not disclose the identity of any Defendant customer to Plaintiff, but the attorney can confirm for the Plaintiff whether or not each Defendant client has any of Plaintiff's Products in its possession. To the extent a customer has previously been contacted, the Defendant will recontact that customer with Plaintiff's representative present. The Plaintiff representative will not make any comments on the telephone calls.

f. Any items bearing the Plaintiff's Products names subsequently recovered from any of Defendant's customers, and/or subsequently discovered by any representative of the Defendant, shall also be returned to Plaintiff, at the Plaintiff's primary place of business in Denver, Colorado. Initially, Plaintiff will pay the costs of returning such items to Plaintiff's primary place of business, but Plaintiff reserves the right to request payment from Defendant upon acquiring further information regarding the obligation for payment of such costs;

g. Within the next ten business days, Defendant shall provide to Plaintiff's Counsel, David D. Pavek, for his eyes only, its list of customers setting forth the

        Defendant's customers to whom it previously supplied products bearing the Plaintiff's Products names for the last twenty-four months;

h. Within the next ten business days, Defendant shall provide to Plaintiff's Counsel, David D. Pavek, for his eyes only, its list of customers that the Defendant currently supplies with water products for the last twenty-four months;

i. Within the next ten business days, Defendant shall provide to Plaintiff's Counsel, David D. Pavek, for his eyes only, a copy of all accounts payable for all products bearing the Plaintiff's Products names for the last twenty-four months;

j. Within the next ten business days, Defendant shall provide to Plaintiff's Counsel, David D. Pavek, for his eyes only, a copy of all accounts receivable for all water products bearing the Plaintiff's Products names for the last twenty-four months;

k. Within the next ten business days, Defendant shall provide to Plaintiff's Counsel, David D. Pavek, for his eyes only, proof of chain of distribution concerning all water products bearing the Plaintiff's Products names for the last twenty-four months;

l. Within the next ten business days, Defendant shall provide to Plaintiff's Counsel, David D. Pavek, for his eyes only, description of the procedure used when/if a customer had a complaint concerning any water product for the last twenty-four months;

m. Within the next ten business days, Defendant shall provide to Plaintiff's Counsel, David D. Pavek, for his eyes only, all records of water testing, if any, for the last twenty-four months;

n. Within the next ten business days, Defendant shall provide to Plaintiff's Counsel, David D. Pavek, for his eyes only, all records of water bottle sanitation, if any, for the last twenty-four months;

o. Within the next ten business days, Defendant shall provide to Plaintiff's Counsel, David D. Pavek, for his eyes only, an accounting of all Sierra Springs bottles still in Defendant's possession;

p. Within the next ten business days, Defendant shall provide to Plaintiff's Counsel, David D. Pavek, for his eyes only, a list of all employees of Defendant, former and current for the last twenty-four months;

q. Any and all water products not currently in the possession of the Defendant bearing the Plaintiff's Products names, which water products may be contaminated, and are subsequently recovered by either the Plaintiff and/or Defendant, will be preserved in the container in which it was found, for testing by a neutral testing facility, if deemed necessary, and that the Party recovering the allegedly contaminated water products bearing the Plaintiff's Products names will provide notice to the other Party of that recovery and permit the other Party access to the water product for such testing;

r. All information designated "for attorneys' eyes only," and the customer information identified in paragraph (f) shall also be governed by the Protective Order, attached as Exhibit A.

s. This Order shall be in full effect during the pendency of this proceeding;

t. Any failure to comply with any of the terms of this Agreement can be immediately brought to the attention of this Court without further notice to the opposing party;

5

u. Nothing in this Order shall be deemed an admission of any wrongdoing by either party and shall not be used as evidence in any trial of this matter; and

v. The bond submitted in this matter is no longer necessary and shall be released to Plaintiff.

DATED this 7th day of December 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge