IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02321-ZLW-MEH

DS WATERS OF AMERICA, INC.,

      Plaintiff,

v.

WESTERN SLOPE BAR SUPPLIES, INC.,

      Defendant.

---

## ORDER FOR SANCTIONS

---

This matter comes before the Court *sua sponte*. On September 28, 2007, this Court entered

a Minute Order scheduling a Settlement Conference for October 18, 2007, at 3:30 p.m., the parties

to arrive at 2:30 p.m. The conference was held from 2:30 p.m. until 7:30 p.m. on October 18, 2007,

and continuing to October 19, 2007 from 12:00 p.m. to 2:30 p.m. The Order governing settlement

conferences (#100) states that parties are to be present in person with full authority to settle the case.

The Order further states as follows:

> "Full authority" means that the person who attends the settlement conference has the
> complete and unfettered capacity and authority to meet or pay all terms or amounts
> which are demanded or sought by the other side of the case without consulting with
> some other person, committee or agency. If any person has limits upon the extent or
> amount within which he or she is authorized to settle on behalf of a party, that person
> does not have "full authority"
> . . . .
>
> No person is ever required to settle a case on any particular terms or amounts.
> However, if any person attends the settlement conference without full authority, and
> the case fails to settle, that party may be ordered to pay the attorney's fees and costs
> for the other side.

Dock. #100. It is within this Court's discretion to require any person that attends the settlement

conference without full authority, and the case fails to settle, to order that party to pay the attorney's

fees and costs for the opposing party as a sanction for failure to comply with the Court's Order.

Plaintiff's counsel represented at the settlement conference that his client representative present that day had full settlement authority. Settlement discussions appeared to progress significantly for five hours on October 18, 2007. Plaintiff had two attorneys and its representative at the conference, and all three of these people indicated agreement with the essential terms of a very complicated settlement agreement drafted at the end of the day. The discussions were to continue the next day for what the Court believed, based on representations of counsel, would be completion of the settlement agreement after counsel had a chance to receive confirmation from a person or persons in Georgia who had not yet had an opportunity to give their approval.

These discussions ended in futility, however, based on the fact that full settlement authority was not in fact vested in the representative who appeared at the conference, but in Ryan Owens, General Counsel for Plaintiff, who did not attend the conference. In fact, Mr. Owens stated on the phone to the Court on October 19, 2007, that his client representative attending the conference the day before only had settlement authority "to a point." The Court determined at the end of the day on October 19 that its efforts and those of Defendant and its counsel were virtually wasted because, based on statements of Mr. Owens, the Plaintiff's actual, previously undisclosed decisionmakers were likely never even close to terms that would resolve the case, despite representations of Plaintiff's counsel and its in-person representative to the contrary.

Based on Plaintiff's failure to comply with this Court's Order, it is therefore ORDERED that Defendant shall have its attorneys' fees and costs for appearing at the settlement conference on October 18, 2007, and continuing to October 19, 2007, by submitting an affidavit regarding the same to the Court no later than **October 29, 2007**.

It is FURTHER ORDERED that a Settlement Conference is set for Thursday, **November 15, 2007, at 1:00 p.m.**  Mr. Owens is ordered to attend this settlement conference in person.

Dated at Denver, Colorado this 23rd day of October, 2007.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge