IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02321-ZLW-MEH

DS WATERS OF AMERICA, INC.;

     Plaintiff,

v.

WESTERN SLOPE BAR SUPPLIES, INC.;

     Defendant.

---

## ORDER ON DEFENDANT'S MOTION TO COMPEL
## DEPOSITIONS AND REQUEST FOR SANCTIONS

---

Before the Court is Defendant's Motion to Compel Depositions and Request for Sanctions [Docket #115]. The matter is briefed and has been referred to this Court for resolution [Docket #116]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Compel.

The parties are reaching the end of the discovery period, and the Court has directed them to "work together to conduct as many depositions as possible prior to the discovery deadline." Dock. #112. In the instant motion, Defendant contends that it is seeking discovery at this late hour, as directed by the Court, and that Plaintiff is not cooperating. In response, Plaintiff argues that it is cooperating, but its representative are simply unavailable for these depositions before the discovery cut-off, and "the court should compare and contrast the reality that even with a court order the world cannot immediately respond." Dock. #118, ¶21.

The Court granted Defendant's Motion to shorten the deposition notice period so that more discovery could be completed prior to the cutoff. Neither party should have expected the discovery

period to be extended when they have not even attempted to establish their diligence in meeting the current discovery cut-off, although settlement negotiations ended in March 2007.   Now that Defendant is diligently seeking discovery, the Court will not allow Plaintiff's refusal or inability to make representatives available prior to the discovery cut-off to preclude this discovery.   Because Defendant timely sought the discovery, and the discovery is finite and focused, the Court will allow the two depositions sought by Defendant to go forward at the earliest date for which the witnesses, Plaintiff's counsel, and Defendant's counsel are available.   To that end, Plaintiff is directed to submit to the Court **no later than October 29, 2007**, a status report indicating the three earliest dates for which Plaintiff is available for these depositions.   To this extent, Defendant's motion is granted.

Defendant also seeks sanctions, which the Court does not believe are appropriate at this time, and will deny the motion as to sanctions.   The Court must also note, however, that several statements in Plaintiff's Response fall below the threshold of professionalism that all counsel who appear before this Court are expected to maintain.   Counsel for Plaintiff is cautioned against further use of unprofessional language, including what can only viewed as sarcastic hyperbole.   This magistrate judge knows that the world does not revolve around the judiciary and has made determined efforts to show the public the same, but at the same time, the litigating public and counsel are not, in an ordered society based on the rule of law, permitted to disregard orders of a court of competent jurisdiction.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Compel Depositions and Request for Sanctions [Filed October 24, 2007; Docket #115] is **granted in part** and **denied in part**.

2

Dated at Denver, Colorado, this 25th day of October, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge